HEYMAN v. BARRETTS, PALMER & HEAL DYEING ESTABLISHMENT.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

1. BAILMENT ⊂⟿31—PROOF—DYEING OF GOODS.

In an action for damages from negligence of defendant in redyeing taffeta silk, evidence merely that plaintiff delivered the goods to defendant to be dyed, and that they were returned with holes and breaks, showing a tenderness in the goods, did not show actionable negligence, where it did not appear that the condition might not have resulted from the quality of the goods, though they were subjected to a careful and skillful process of proper dyeing.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. ⊂⟿31.]

2. BAILMENT ⊂⟿32—NEGLIGENT DYEING OF GOODS—DAMAGES—MEASURE.

Where goods delivered to defendant to be dyed are damaged through his negligence, but all the goods returned to plaintiff are not unsalable, the measure of damages is the difference in the value of the goods properly dyed and their value as the work was done, and not the value of the goods considered as a total loss.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 69, 133; Dec. Dig. ⊂⟿32.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sigmund Heyman against the Barretts, Palmer & Heal Dyeing Establishment. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Wakelee, Thornall & Wright, of New York City (Clarence E. Thornall, of New York City, of counsel), for appellant.

Merrill, Von Dorn & Rubinger, of New York City (Maurice Rubinger, of New York City, of counsel), for respondent.

PAGE, J. The action was to recover damages for negligence in redyeing 15 pieces of taffeta silk; the complaint alleging that by reason of the negligence of the defendant, its servants and agents, in the process of dyeing, said goods, wares, and merchandise became cracked and unmerchantable, due to the method employed by the defendant in the process of dyeing, and to the poor material and dyes used by the defendant, its servants, and agents in its attempt to dye said merchandise, and that by reason thereof the merchandise has been damaged totally.

[1] No evidence was offered to prove negligence in the process or in the use of materials and dyes. The plaintiff merely proved that he delivered the goods to the defendant to be dyed, and that they were returned, with holes and breaks, showing a tenderness in the goods. Negligence cannot be predicated · merely upon the condition of the goods when returned. The condition might have resulted from the fact that, owing to the quality and texture of the goods, they deteriorated when subjected to a careful and skillful process of dyeing with

⊂⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

good materials and dyes. This requires a reversal of the judgment and the granting of a new trial.

[2] As there will be another trial, and plaintiff may be able to prove the negligence of the defendant, we call attention to the fact that the wrong measure of damages was applied. Inasmuch as the goods were returned to the plaintiff and all were not rendered unsalable, the measure of the damages was not the value of the goods as a total loss, but the difference in the value of the goods properly dyed and in their value as the work was done.

Judgment reversed, and a new trial granted, with $30 costs to the appellant to abide the event. All concur.